**OXBOW ENERGY, INC., et al., Plaintiffs,**

**v.**

**KOCH INDUSTRIES, INC., et al., Defendants.**

**Civ. A. No. 87–2436–S.**

United States District Court, D. Kansas.

May 19, 1988.

Joseph F. Ryan, Lyne, Woodworth & Evarts, Boston, Mass., Robert Martin, Martin, Pringle, Oliver, Triplett & Wallace, Harry Najim, Najim & Baker, Wichita, Kan., for plaintiffs; Harold Kleinman, Thompson & Knight, Dallas, Tex., Russell Brooks, Joseph Genova, Milbank, Tweed, Hadley & McCloy, New York City, of counsel.

Robert L. Howard, James M. Armstrong, Foulston, Siefkin, Powers & Eberhard, Wichita, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

Several matters are before the court in the above-captioned case. Defendants seek reassignment of this case to the Honorable Sam Crow in this district and a designation of Wichita, Kansas as the place of trial. Defendants also seek dismissal of this action on Rule 12(b)(6) grounds; by Order dated January 28, 1988, this court determined that it would treat the pending motion to dismiss as one for summary judgment. Plaintiffs request leave to respond to defendants' letters to the court. Finally, defendants seek to maintain an amendment to plaintiffs' complaint under seal.

The parties have requested oral argument on the pending motions. The court has determined that oral argument would not be of material assistance in the determination of this matter. Rule 206(d), Rules of Practice of the United States District Court for the District of Kansas. Therefore, the court will proceed to dispose of the motions before it.

This case arises out of a Stock Purchase and Sale Agreement in 1983. Plaintiffs owned a large portion of the stock in Koch Industries, Inc. As part of the settlement of a lawsuit brought by plaintiffs in 1982 ("1982 action"), Koch Industries, Inc. agreed to purchase all stock owned by plaintiffs at an agreed price. In return, plaintiffs dismissed their pending lawsuit. In 1985, William I. Koch, Rocket Oil Company, and United States Trust Company of New York, as trustee for Frederick R. Koch, filed a lawsuit in this district ("1985 action"). They alleged breach of warranty, fraud, securities laws violations and breaches of fiduciary duties arising out of the 1983 sale of stock. They claimed that during the course of the settlement negotiations, Koch Industries, Inc., Charles Koch and Sterling Varner misrepresented and concealed the true value of Koch Industries, Inc. stock. The stock was undervalued and as a result, plaintiffs in the 1982 action accepted an artificially low price for their stock as part of the settlement. The 1985 action was assigned to the Honorable Sam Crow, sitting in Wichita, Kansas. During the course of the 1985 action, defendants filed a motion to dismiss and an alternative motion for summary judgment. In their responsive brief, plaintiffs made several allegations that defendants misrepresented the value of various Koch assets, but plaintiffs failed to support those allegations with citations to the record. In his opinion and order, Judge Crow granted defendants' motion in part. He found that the only asset for which there was evidence to support plaintiffs' allegation of misrepresentation was the asset known as the "Capa Madison" oil and gas prospect. He granted summary judgment as to all other alleged misrepresentations.

Less than a month after Judge Crow's ruling, plaintiffs sought leave to amend their complaint and asked for reconsideration of the previous ruling. Plaintiffs wished to amend their complaint to add substantially all the previous allegations for which Judge Crow had already found no basis. They framed their allegations in the form of new causes of action based on new theories. Judge Crow denied the motion as untimely. The 1985 action is still pending.

After an unsuccessful appeal of Judge Crow's ruling via a writ of mandamus application to the Tenth Circuit, the plaintiffs in the 1985 action joined with the present plaintiffs and filed this action. The action was filed here in Kansas City, and alleged several theories of recovery based on mis-

representations made during the negotiation of the 1983 settlement and sale of stock. Defendants ask that this case be reassigned to Judge Crow because of his familiarity with the facts of the previous case and so as to avoid the appearance of judge-shopping. Defendants also seek dismissal or summary judgment on the grounds that plaintiffs have unlawfully "split" their causes of action. Plaintiffs seek leave to respond to two letters sent by defendants to the court. Finally, the defendants seek to maintain an amendment to the complaint under seal. The court will address each of the defendants' motions accordingly.

## I. Motion to Reassign and Designation of Trial

Defendants offer several reasons why this case should be reassigned to Judge Crow. Among these are the fact that the current claims are similar or identical to those in the 1985 case. This is important for two reasons. Defendants point out that not only is Judge Crow familiar with the facts of this ongoing controversy, but the present litigation may be an attempt to circumvent or appeal Judge Crow's previous ruling on plaintiffs' motion to amend. They also claim that plaintiffs' actions in filing this case in Kansas City constitute "blatant 'judge shopping.'" Plaintiffs contend that the case was filed in Kansas City in order to provide a more convenient place of trial for out-of-state witnesses who might need to travel here by air. They point out that there will be few times before trial when counsel for the parties will need to travel to Kansas City. They seek a forum untainted by Koch Industries, Inc.'s prominent position in the Wichita community. They also cite their desire to obtain the appearance of judicial impartiality, in light of Judge Crow's previous adverse rulings. Finally, they point out that even though Judge Crow has previous experience with the facts of this ongoing dispute, this court is amply capable of reading and applying Judge Crow's rulings and discerning the complicated facts surrounding this dispute.

■ A district court may order a civil action be tried at any place within the district. 28 U.S.C. § 1404(c). Local Rule 104 provides that a judge may transfer a case to another judge within the district if that judge and the chief judge consent. A plaintiff's choice of forum should be afforded great weight and should be honored absent a strong showing of inconvenience or other factors favoring reassignment. *Ammon v. Kaplow,* 468 F.Supp. 1304, 1313 (D.Kan.1979).

Defendants' arguments supporting their motion to reassign are inextricably linked to their arguments supporting their motion to dismiss. In both motions, they argue that plaintiffs are seeking to avoid Judge Crow's rulings by improperly filing this second cause of action in Kansas City. Defendants suggest that this court may first address the motion to reassign, and if it finds good cause to grant the motion, Judge Crow may then address the motion to dismiss or motion for summary judgment. The court finds it difficult to address the motion to reassign without delving into the substantive arguments contained in the motion to dismiss. Because of this inter-relationship and in the interests of judicial economy, the court will address the substantive motions before it. The court's determination on the motion to dismiss will render the motion to reassign moot.

## II. Motion to Dismiss or Motion for Summary Judgment

Defendants argue that dismissal is in order because plaintiffs have improperly "split" their causes of action. They argue that the present allegations are properly a part of the 1985 action. Both actions allege that defendants misrepresented the value of several Koch Industries, Inc. assets, and that as a result, the stock plaintiffs sold was undervalued. Plaintiffs argue the doctrine of res judicata does not operate to bar the present action, because there is no final judgment in the 1985 action and because the causes of action here are not identical to those pursued in the 1985 action. They also argue that the plaintiffs in the two actions are not identi-

cal, and that any splitting of causes of action is necessary as a result of defendants' wrongdoing.

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). An issue of fact is "material" only when the dispute is over facts that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir. 1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985). The language of Rule 56(a) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986).

The court will first address defendants' allegation that plaintiffs have improperly "split" their causes of action. Defendants argue that since all allegations made here and in the 1985 action arise out of the 1983 sale of stock, they must all be charged in one action. Plaintiffs argue that separate claims are proper, because each alleged misrepresentation pertains to a different asset held by Koch Industries, Inc. at the time of the stock sale. They point out that the subject matter of the 1985 action is the alleged undervaluation of the "Capa Madi-

son" oil and gas prospect, while the subject matter addressed in the present complaint includes the alleged undervaluations of other assets, including an oil concession in the country of Qatar and two oil and gas leases in Utah.

Several cases address the question of when a cause of action has been improperly split. In *Walton v. Eaton Corp.*, 563 F.2d 66 (3d Cir.1977), the plaintiff failed to request a jury trial when she filed her initial complaint. After retaining new counsel, plaintiff commenced a second case, this time requesting a jury trial. The court held that the filing of the second claim was improper, and plaintiff would be bound by her failure to make the request in her first complaint. *Walton*, 563 F.2d at 71. The court cited a long line of authorities which concluded that a plaintiff had no right to maintain two identical claims in the same court against the same defendants. *See, e.g., United States v. Haytian Republic*, 154 U.S. 118, 123–24, 14 S.Ct. 992, 993, 38 L.Ed. 930 (1894); *Sutcliffe Storage & Warehouse Co. v. United States*, 162 F.2d 849, 851 (1st Cir.1947).

In *United States v. Haytian Republic*, the Supreme Court stated:

'a party seeking to enforce a claim legal or equitable must present to the court, either by the pleadings or proofs, all the grounds upon which he expects a judgment in his favor. He is not at liberty to split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fails. There would be no end to litigation if such a practice were permissible.'

*United States v. Haytian Republic*, 154 U.S. at 125, 14 S.Ct. at 994 (quoting *Stark v. Starr*, 94 U.S. (4 Otto) 477, 485, 24 L.Ed. 276 (1876)). The court in *Sutcliffe Storage* noted that "there is no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket; it is enough if one complete adjudication of the controversy be had." *Sutcliffe Storage*, 162 F.2d at 851.

■ The cases cited by plaintiff are inapposite. Those cases address the requirement of a final judgment before the doctrine of res judicata may be invoked. Plaintiffs argue that since there is no final judgment in the 1985 case, the requirements of res judicata are not met, and it may not bar this action. Indeed, the court agrees that res judicata does not apply here. However, that is not the doctrine which defendants invoke. Rather, they show the court persuasive authority that even absent a final judgment, a party may not split his causes of action. Instead, all claims arising out of a single wrong must be prosecuted in one action. The court must therefore determine whether the several misrepresentations alleged by plaintiffs constitute a single wrong.

■ The court concludes that each misrepresentation alleged by plaintiffs arose out of a single incident and resulted in a single wrong. Defendants allegedly made various fraudulent statements during the course of one transaction: the negotiation of the 1983 settlement and sale of stock. Those misrepresentations allegedly caused plaintiffs to suffer one distinctive harm: an undervaluation of the stock sold. Therefore, plaintiffs should be required to bring all claims of misrepresentation arising out of the settlement and stock sale in one action.

The fact that Judge Crow did not allow plaintiffs to proceed on all claims is not a persuasive reason for granting plaintiffs the right to proceed in a second action. To allow such an approach would defeat the purpose of the rule against splitting causes of action: requiring a plaintiff to address all related claims in one action and protecting the defendant from the necessity of litigating similar claims in separate actions. The proper course for plaintiffs is to appeal Judge Crow's ruling to the Circuit Court of Appeals once the 1985 action is concluded.

Policy considerations also weigh heavily in favor of the decision to forbid splitting causes of action. Judicial economy is well-served; with over 750 cases filed in this court in the past year, this court is unduly burdened by a claim that could more efficiently be heard in a case already pending in Judge Crow's court. This district's docket would become clogged and suffer virtual incapacitation if all litigants were allowed to bring a new cause of action every time a motion to amend was denied or partial summary judgment was granted. Furthermore, to allow the approach plaintiffs advocate would grant this court's seal of approval to a practice of flagrant judge-shopping. While the court is aware that a certain amount of judge-shopping occurs each time a litigant decides whether to file a case in Wichita, Topeka, or Kansas City, the court cannot condone plaintiffs' practice of running to a different city within the district and filing a new case every time a judge in a prior action makes a ruling adverse to that litigant's position. The court cannot be made a party to what is in effect an appeal from Judge Crow's ruling in the 1985 action. Finally, the court notes the absurd outcome which would result if plaintiffs were allowed to split their causes of action. If this court were to deny defendants' motion to dismiss, this court would then be inclined to consolidate the case with the 1985 action, since the factual circumstances of each case are so similar. The court might then seek to transfer the case to Judge Crow. As a practical matter, this court would in effect have reversed Judge Crow's decision to deny plaintiffs' motion to amend. Despite his prior ruling, he would have before him plaintiffs' claims concerning the Qatar oil concession, the Utah oil and gas leases, and the other assets previously excluded from the 1985 action. The court will not exhibit such disrespect for the learned decisions of other judges in this district.

The court must still address plaintiffs' argument that since the plaintiffs here are not identical to those in the 1985 action, the new plaintiffs cannot be barred from bringing this action separate from the 1985 action. Defendant argues that the parties who sold their stock in 1983 could basically be divided into three groups—William I. Koch and his entities, Frederick Koch and his trustee, and the Simmons Family Group—and that those three groups were repre-

sented both in the 1985 action and in the present case.

■ The court has examined the affidavits submitted by the parties upon the court's request, and has concluded that the uncontroverted facts show the existence of three core groups of stockholders in the 1983 sale. Those three groups were represented in both the 1985 action and in the present action. A nonparty whose interests were adequately represented in a previous action will be bound by that prior action. *Southwest Airlines Co. v. Texas Int.'l Airlines*, 546 F.2d 84, 102 (5th Cir. 1977) (res judicata effect on parties in privity with prior action). The same principle applies in the case of a party adequately represented in a prior action attempting to split the cause of action and file a second suit. A party is in privity if a person is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *Southwest Airlines*, 546 F.2d at 95, n. 38 (quoting *Jefferson School of Social Science v. Subversive Activities Control Board*, 331 F.2d 76, 83 (D.C.Cir. 1963)).

■ Plaintiffs have offered no evidence to contradict defendants affidavits supporting their contention that the interests of all plaintiffs are being represented in the 1985 action. The plaintiffs are closely related in various ways; some are trustees for other plaintiffs, and some are stockholders, officers, and/or directors in the plaintiff closely-held corporations. Furthermore, the parties to the 1985 action attempted to have the action certified as a class action, representing all selling stockholders. The complaint in the 1985 action represented that in negotiating and closing the 1983 sale agreement, the plaintiffs acted on behalf of themselves and all other selling stockholders. In both actions, the parties are represented by the same attorneys. Finally, the court believes there is at least some indication that the new plaintiffs here chose to stay out of the 1985 action solely in order to provide an opportunity to bring a new action if the group of selling stockholders were dissatisfied with any of Judge Crow's rulings. Once again, the court cannot condone such tactics. Plaintiffs have failed to meet their burden to show evidence indicating their interests are not adequately represented in the 1985 action.

The court need only mention plaintiffs' argument that this action is necessitated by defendants' wrongdoing. This argument may be disposed of summarily. Defendants did nothing improper by using the Federal Rules to receive favorable rulings from Judge Crow. Again, any improper action by defendants in the 1985 action may be challenged on appeal. This argument is not grounds for denial of the pending motion. Defendants' motion to dismiss, which this court is treating as a motion for summary judgment, will be granted.

### III. Motion for Leave to Respond to Letters to Court

After the motion to dismiss was fully briefed, defendant sent letters to the court (copies to plaintiffs' counsel) bringing to its attention two recent opinions which might have some bearing on the court's decision. Plaintiffs objected to this practice, and filed a motion seeking leave to formally respond to the letters. While the court appreciates counsel's efforts in bringing recent relevant case law to its attention, it also notes the provision in the Local Rules for a motion and memorandum in support, a response, and a reply. *See* Local Rule 206(b). In the future, the more appropriate course of action for defendants' counsel, should they wish to bring further matters to the court's attention, is to move for leave to file supplemental briefs. Defendants' counsel diligently brought all relevant authority to the court's attention, and plaintiffs' counsel acted appropriately in requesting that this practice be accomplished by way of formal motion. In this particular case, the cases cited by defendants' counsel in their letters to the court had no bearing on today's decision, and it will not be necessary to grant plaintiffs' motion.

### IV. Motion to Maintain Amendment Under Seal

The amendment proposed by plaintiffs makes additional allegations of improper

282

conduct arising out of the 1983 settlement and sale of stock. For the reasons spelled out in Section II of this Memorandum and Order, *see supra,* this amendment will not survive the motion for summary judgment. Since defendants only sought to maintain the amendment under seal until their motion to dismiss or motion for summary judgment was ruled upon by the court, the motion to maintain amendment under seal is rendered moot and will be denied. The amendment will be filed as part of the public record of this case.

IT IS BY THE COURT THEREFORE ORDERED that defendants' motion to dismiss, which we have treated as a motion for summary judgment, is granted. IT IS FURTHER ORDERED that defendants' motion to reassign is denied as moot. IT IS FURTHER ORDERED that plaintiffs' motion for leave to respond to letters to court is denied. IT IS FURTHER ORDERED that defendants' motion to maintain amendment under seal is denied as moot.