(782 P.2d 70)

No. 63,152

HAROLD A. WRIGHT, Executor of the Estate of Rutherford B. Edwards, Deceased, and WILLIE THOMAS, *Appellants*, v. BROTHERHOOD BANK AND TRUST COMPANY, *Appellee*.

—

Opinion filed November 9, 1989.

*Elmer C. Jackson, Jr.*, of Kansas City, for appellants.

*John K. Sherk, III*, of Gilliland & Hayes, P.A., of Kansas City, Missouri, and *Thomas E. Osborn*, of Corson & Osborn, of Kansas City, for appellee.

Before REES, P.J., ELLIOTT, J., and NELSON E. TOBUREN, District Judge, assigned.

REES, J.: Plaintiffs Harold A. Wright, executor of the estate of Rutherford B. Edwards, deceased, and Willie Thomas, a residuary legatee under Edwards' will, appeal from the trial court's order granting defendant Brotherhood Bank & Trust Company's motion for summary judgment. The dispositive issue presented for review is whether the trial court erred in determining plaintiffs had split a cause of action and in granting summary judgment to defendant. We affirm.

Highly summarized, the facts are that on May 22, 1986, Edwards was hospitalized with a broken hip. He was 92 years of age. After being informed of Edwards' hospitalization, Charles Spears, Edwards' stepson, came to Kansas City in June and visited Edwards at the hospital. During the visit, Spears told Edwards that Edwards had too much money in his checking account at Brotherhood Bank and that he should put some of it into an account that would draw interest. Edwards agreed and signed a blank check which he gave to Spears to transfer funds into an interest-bearing account. At this time the only name on the checking account was Edwards'.

Spears went to the Bank where he spoke with a vice- president about an interest-bearing account. They agreed that some of the

checking account funds would be deposited into a certificate of deposit. The vice-president, however, did call Edwards to determine if he wanted to transfer funds from his checking account to an interest bearing account. Edwards agreed this was what he wanted done. The evidence does not establish that Edwards was told it was intended the certificate of deposit would be issued with Spears named as a joint owner. Spears directed the Bank that his name be put on the signature card for the certificate of deposit. Spears obtained Edwards' signature at the hospital, and then returned to the Bank where he purchased a $20,000 certificate of deposit in Edwards' name and his own.

After speaking with Thomas, Edwards' cousin, and telling her what he had done, Spears left town the next day, taking the certificate with him. When Edwards learned of this, he became upset and attempted to have Spears' name removed from the certificate. Bank personnel advised Edwards that this could be done, but that the certificate first would have to be returned to the Bank and endorsed by Edwards. Although Edwards asked Spears to return the certificate of deposit, Spears refused to do so.

These facts led to the filing by Thomas, as Edwards' voluntary conservator, of a lawsuit which preceded the action that is now before us. In *Willie Thomas, Conservator of the Estate of Rutherford B. Edwards v. Charles Spears and Brotherhood State Bank (Edwards I)*, it was alleged that Spears was guilty of wrongful conduct and violation of a constructive trust relationship. The petition asked for recovery of $20,000, plus interest, against Spears, and also for an order restraining the Bank from paying out money prior to the court's determination of ownership. Upon Edwards' death, his executor, Harold Wright, was substituted as party plaintiff in *Edwards I*.

Subsequent to the pretrial conference in *Edwards I*, Wright sought leave to amend the petition to include a claim for monetary recovery against the Bank. The trial court denied the motion, stating that Wright had the option to dismiss the case, refile it, and assert his claims against the Bank in the refiled suit. The court pointed out, however, that the scheduled trial date would not be available if Wright chose to do this.

Wright chose not to dismiss and refile, proceeded under the theory of constructive trust, and, on February 16, 1988, obtained a judgment against Spears for $20,000 plus interest. By reason of this judgment, a decision on the claim for relief against the Bank was obviated.

On May 5, 1988, Wright and Thomas filed their petition against the Bank in this case (*Edwards II*), alleging breach of contract and negligence. They sought recovery of $20,000 in actual damages, recovery of attorney fees and litigation costs incurred in *Edwards I*, and recovery of punitive damages. The Bank filed a motion for summary judgment, which the trial court granted. The court found that this action, *Edwards II*, was barred by the rule against splitting causes of action.

The rule against splitting causes of action requires that all claims arising out of a single wrong be presented in one action. *Oxbow Energy, Inc. v. Koch Industries, Inc.*, 686 F. Supp. 278, 282 (D. Kan. 1988); *Pretz v. Lamont*, 6 Kan. App. 2d 31, 33, 626 P.2d 806, *rev. denied* 229 Kan. 671 (1981). See 46 Am. Jur. 2d, Judgments § 405, pp. 573-74. " 'The rule against splitting a cause of action does not prevent a plaintiff from suing for a part of a single cause of action; it merely precludes him from thereafter maintaining another action for the other portion.' " *Pretz v. Lamont*, 6 Kan. App. 2d at 33.

Plaintiffs do not challenge the rule against splitting causes of action, but argue that it is not applicable here. They contend that Thomas' interests were not adequately represented in *Edwards I* because Thomas participated in that lawsuit only in her capacity as Edwards' conservator.

Thomas' direct involvement in *Edwards I* ended when Edwards died and the conservatorship ceased. Upon Edwards' death, his executor, Harold Wright, was substituted as party plaintiff in *Edwards I*.

"A nonparty whose interests are adequately represented in a previous action will be bound by that prior action. [Citation omitted.] The same principle applies in the case of a party adequately represented in a prior action attempting to split the cause of action and file a second suit. A party is in privity if a person is 'so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.' [Citation omitted.]" *Oxbow Energy, Inc. v. Koch Industries, Inc.*, 686 F. Supp. at 283.

In *Carter v. City of Emporia, Kan.*, 815 F.2d 617 (10th Cir. 1987), it was argued that a subsequent action was not barred since a plaintiff beneficiary in the later (federal) action had not been named as a party in the prior (state) proceeding. The court found the beneficiary's subsequent action was barred.

"Kansas follows the general rule that 'a judgment binds not only the parties to the action but also those who are in privity with them,' and under Kansas law an administrator of an estate is sufficiently in privity with heirs or beneficiaries of an estate to be subjected to principles of claim preclusion." 815 F.2d at 620.

We conclude that Thomas, as a legatee, was sufficiently in privity with the executor, Wright, so as to be subject to the rule against splitting causes of action.

Plaintiffs contend that Thomas' interests could not have been adequately represented by the executor in *Edwards I*, because the attorney fees which Thomas now seeks to recover in *Edwards II* were incurred in litigating the prior suit and could not have been recovered in that action. Plaintiffs seek to bring themselves within the holding of *Wilshire Oil Company of Texas v. Riffe*, 409 F.2d 1277 (10th Cir. 1969).

In *Wilshire*, a corporation brought an action to recover against three former employees for fines and expenses incurred by the corporation as a result of the corporation's involvement in various state and federal antitrust suits. The court permitted the corporation to file suit against the employees, stating:

"In resisting Wilshire's attempt to recover attorneys' fees incurred in connection with the aforementioned antitrust litigation, Masterson points to the well established rule that in the absence of any contractual or statutory liability therefor, counsel fees and related expenses are not recoverable as an element of damages. There can be no quarrel with that general rule in those instances where fees and expenses incurred in prosecuting a suit are sought to be recovered in that same suit. Similarly, the rule appears to be generally accepted in cases where an attempt is made to recoup the expenses absorbed in a previous suit between the same party litigants. *Nevertheless, where a party was involved in previous litigation with others because of some wrongful act of the defendant, reasonable compensation for expenses attributable to the former suit is recoverable where such expenses are the natural consequences of the defendant's wrongful act.*" (Emphasis added.) 409 F.2d at 1284-85.

In *Armstrong Constr. Co. v. Thomson*, 64 Wash. 2d 191, 390

P.2d 976 (1964), the court closely examined this requirement that the prior litigation must have been with a stranger to the later litigation. In *Armstrong*, a construction company brought an action against owners of a home the company had started to build to foreclose a lien filed by the company for work and materials used in construction. The architects, who had overlooked zoning set-back requirements, were joined by the owners as third-party defendants. The owners requested recovery from the architects for attorney fees and costs that the owners expended in defending the foreclosure action. 64 Wash. 2d at 192-94. The architects claimed that the costs and expenditures incurred by the builder were chargeable to the builder's negligence in failing to observe the contract provisions which required issuance of a building permit prior to construction. The court stated:

"In those actions, where the acts or omissions of a party to an agreement or event have exposed one to litigation by third persons—*that is, to suit by persons not connected with the initial transaction or event*—the allowance of attorney's fees may be a proper element of consequential damages." (Emphasis added.) 64 Wash. 2d at 195.

The court went on, however, to deny the owners' request for attorney fees, finding that the foreclosure action was not litigation with a third party because the builder and the architect were privy to the construction contract. "The fulcrum upon which the rule balances, then, is whether the action, for which attorney's fees are claimed as consequential damages, is brought or defended by third persons—that is, *persons not privy to the contract, agreement or events through which the litigation arises*." (Emphasis added.) 64 Wash. 2d at 196.

The defendants in *Edwards I* and *II* were privy to the certificate of deposit signature card contract which lay at the foundation of the claims in *Edwards I* and *II*. Plaintiffs' claim in *Edwards II* is that the Bank failed to enforce the terms of the contractual agreement entered into by the Bank as set out on the signature card that governed the certificate of deposit. This contract was signed by Edwards and Spears and issued by the Bank. The Bank was privy to the contract and events through which the litigation arose. Inasmuch as *Edwards I* does not constitute "prior litigation with others" and Thomas could not utilize the *Wilshire* exception to recover for attorney fees incurred in *Edwards I* in a subsequent

action, the trial court properly concluded that plaintiffs had split a single cause of action.

" 'A motion for summary judgment under the provisions of K.S.A. 60-256(c) is to be sustained only where the record conclusively shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.' " *Busch v. City of Augusta*, 9 Kan. App. 2d 119, 122, 674 P.2d 1054 (1983).

Having determined that this case, *Edwards II*, was properly barred by the trial court based on the rule against splitting causes of action, we need not reach the res judicata issue raised on appeal. We find no genuine issue of fact remaining to preclude the trial court's entry of summary judgment in favor of defendant. We therefore affirm the trial court's order granting defendant's motion for summary judgment.

Brotherhood Bank contends this is a frivolous appeal and seeks attorney fees and costs pursuant to Rule 7.07 (1988 Kan. Ct. R. Annot. 35).

In *Peoples Nat'l Bank of Liberal v. Molz*, 239 Kan. 255, 257, 718 P.2d 306 (1986), our Supreme Court defined a frivolous appeal as "one in which no justiciable question has been presented and the appeal is readily recognized as devoid of merit in that there is little prospect that it can ever succeed."

In light of plantiffs' issue concerning recovery of attorney fees in a subsequent action pursuant to *Wilshire*, it cannot be said that no justiciable question was presented on appeal. We therefore deny the Bank's motion for attorney fees and costs.

Affirmed.