STATE OF MAINE
CUMBERLAND, ss

PHUONG TRAN,

        Plaintiff

v.

RYAN BROWN, et al.,

        Defendants

_____

BEAR HILL ELECTRIC LLC,

        Plaintiff

v.

RYAN BROWN, et al.,

        Defendants

SUPERIOR COURT
CIVIL ACTION
DOCKET NOS. CV-18-197
RE-18-129

ORDER

REC'D CUMB CLERKS OFC
AUG 7 '18 AM 9:27

Plaintiff Phuong Tran–Stephen Bither, Esq.
Defendants Brown–Allison Economy, Esq.
Defendant Haskell–Laura Berry, Esq.
Third–Party Def Autumn Theriault–Stephen Bell, Esq.
Plaintiff Bear Hill–Karen Mitchell, Esq.

Before the court in these consolidated cases are third party defendant Autumn Theriault's motion to dismiss the third-party complaint filed by defendants Ryan and Linda Brown in CV-18-197 and (2) defendant David Haskell's motion for judgment on the pleadings dismissing the cross-claim against him filed by defendants Ryan and Linda Brown in CV-18-197.

These cases were removed from the District Court. Superior Court Docket CV-18-197 was originally District Court docket PORDC-CV-18-95.

Theriault Motion to Dismiss

In their cross-claim against Haskell and their third-party complaint against Theriault the Browns have asserted a litany of causes of action, all arising out of a contract to build a residence (described in the contract as a "28 x 60 ranch") in Gray, Maine.[1]

---

[1] Specifically, the Browns have asserted claims for breach of contract, express and implied warranties, the Home Construction Contract Act, the Uniform Commercial Code, the Unfair Trade Practice Act, unjust

The contract, attached to the Cross-Claim and Third-Party complaint as Exhibit A, states that the parties to the contract are "David Haskell/Owner, Haskell Construction" and Ryan and Linda Brown. The contract is signed by the Browns and by David Haskell. Under Haskell's signature, he is identified as "Contractor - David Haskell, Owner of Haskell Construction."

The only specific allegation against Autumn Theriault is contained in ¶ 3 of the Cross-Claim and Third-Party Complaint, which states, "Third Party Defendant Autumn Theriault d/b/a Haskell Construction is an individual residing in Gray, County of Cumberland and State of Maine." All of the other allegations in the cross-claim and counterclaim refer collectively to "defendants."

In response to Theriault's motion, which points out that Theriault is not a party to the contract, the Browns argue that Theriault would be liable as a partner in Haskell Construction. The third-party complaint, however, does not allege that Theriault is a partner in Haskell Construction and does not allege that Haskell Construction is a partnership.

While the requirements of notice pleading are not onerous, Theriault is entitled to notice of the factual and legal basis for the Browns' allegations that Theriault is liable on the contractual and unjust enrichment claims asserted in the first seven counts of the third-party complain – whether those are based on an alleged partnership or otherwise.

The Browns point out that the remaining counts in their third-party complaint are tort claims. Once again, however, Theriault is entitled to notice of the basis on which the Browns are contending that she engaged in fraudulent and negligent misrepresentation, negligence, negligent and intentional infliction of emotional distress, conversion, breach of constructive trust, and slander of title. If Theriault is alleged to have personally committed those torts, she is entitled to notice of those allegations. Similarly, if Theriault is alleged to be vicariously liable for those torts, she is entitled to notice of the theory on which vicarious liability is being asserted.

---

enrichment, fraudulent and negligent misrepresentation, negligence, negligent and intentional infliction of emotional distress, conversion, constructive trust, and slander of title.

Accordingly, Theriault's motion to dismiss is granted without prejudice to the Browns' right to amend the third-party complaint within 20 days (1) to specifically allege the legal and factual basis for their contention that Theriault is liable on their contractual and unjust enrichment claims and (2) to specify whether their tort claims are based on Theriault's personal participation in the alleged tortious acts (and if so, to specify the alleged actions Theriault personally committed) or whether they are based on a theory of vicarious liability (and if so, to specify the vicarious liability theory and the alleged facts supporting that theory).

## Haskell Motion for Judgment on the Pleadings

Haskell's motion is based on the fact that the Browns have previously recovered a default judgment against him in RE-18-129[2] on exactly the same set of allegations. Haskell therefore argues that the Browns' claims against him in CV-18-197 are barred by res judicata or by the principle that a party may not split its claims by maintaining two different actions asserting the same claims against the same defendant.

No final judgment has been entered in RE-18-129 because that case includes the claim brought by plaintiff Bear Hill Electric LLC against the Browns and Haskell, which has not been resolved, and also includes an unresolved third-party complaint by the Browns against Theriault that is identical to the third-party complaint in CV-18-197 discussed above. In the absence of a final judgment, res judicata (also referred to as claim preclusion) does not apply. *See, e.g., Wilmington Trust Co. v. Sullivan-Thorne,* 2013 ME 94 ¶ 7, 81 A.3d 371 (claim preclusion requires valid final judgment).

The Law Court has frequently expressed its disapproval of "claim-splitting" but as far as the court can tell, it has always done so in cases where res judicata applied. *E.g., Draus v. Town of Houlton,* 1999 ME 51 ¶ 9, 726 A,.2d 1257. A number of federal courts, however, have precluded parties from splitting their claims even where no final judgment has been entered. *See, e.g., Oxbow*

---

[2] Before that case was removed to the Superior Court and given docket No. RE-18-129, its District Court docket no. was PORDC-RE-17-10, and the default judgment bears that docket number.

3

*Energy Inc. v. Koch Industries Inc.,* 686 F.Supp. 278, 280-82 (D. Kan. 1988), and cases cited therein. *Accord, Fernandez v. Quarry Hills Association L.P.,* 2010 U.S. Dist. LEXIS 136884 at *27-*29 (D. Mass. 2010).

The court does not need to decide whether to apply the federal rule and grant Haskell's motion to dismiss at this time. Under the principle that a party cannot simultaneously pursue the exact same claims in two actions, it will reserve decision on Haskell's motion and will stay further proceedings on the Browns' cross-claim against Haskell in CV-18-197 until the judgment already obtained by the Browns in RE-18-129 becomes final.

The entry shall be:

1. The motion by third-party defendant Autumn Theriault to dismiss the third-party complaint against her in CV-18-197 is granted without prejudice to the right of defendants and third-party plaintiffs Ryan and Linda Brown to amend the third-party complaint against Theriault within 20 days to specify the legal and factual basis for their claims against Theriault in compliance with this order.

2. The court reserves decision at this time on the motion for judgment on the pleadings filed by defendant David Haskell dismissing the Browns' cross-claim in CV-18-197, and the proceedings on that cross-claim are stayed until the judgment already obtained by the Browns against Haskell in RE-18-129 becomes final.

3. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: August __6__, 2018

Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 8/9/18

4