NOT DESIGNATED FOR PUBLICATION

No. 127,761

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MARK D. BRULL,
*Appellant*,

v.

LAURA HOWARD, SECRETARY OF KANSAS DEPARTMENT FOR
AGING AND DISABILITY SERVICES,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; THOMAS G. LUEDKE, judge. Submitted without oral argument. Opinion filed May 2, 2025. Affirmed.

*Mark D. Brull*, appellant pro se.

*Ryan J. Ott*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before HURST, P.J., MALONE and COBLE, JJ.

PER CURIAM: Mark D. Brull is civilly committed to the Sexual Predator Treatment Program (SPTP). He appeals the Shawnee District Court's order dismissing with prejudice his amended petition filed under 42 U.S.C. § 1983 and 42 U.S.C. § 1997 et seq. for the failure to state a claim for which relief can be granted. Brull raises many claims on appeal, most of which include assertions that Laura Howard, the Secretary for the Kansas Department for Aging and Disability Services (the Secretary), violated Brull's constitutional rights by enacting policies that created poor conditions of confinement at the SPTP. After thoroughly reviewing the record, we affirm the district court's judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

The following facts have been well established in prior appeals and are not pertinent to this appeal beyond providing background:

> "Brull was convicted of two sex crimes in Shawnee County in the mid-1990s. He later stipulated he was a sexually violent predator, as alleged in a petition filed under the provisions of the Kansas Sexually Violent Predator Act (KSVPA) K.S.A. 59-29a01, et seq. As a result, the district court committed Brull to the custody of the Kansas Department of Social and Rehabilitation Services. The responsibility for custody of Brull and others classified in the same way was later transferred to the Kansas Department for Aging and Disability Services (KDADS)." *Brull v. Keck*, No. 118,720, 2018 WL 4840297, at *1 (Kan. App. 2018) (unpublished opinion).

A "sexually violent predator" is any person convicted of or charged with a sexually violent offense and who suffers from a mental abnormality or personality disorder which makes them likely to engage in repeat acts of sexual violence and who has serious difficulty controlling their dangerous behavior. K.S.A. 2024 Supp. 59-29a02(a). Brull was held for treatment in the SPTP from 1999 until 2012 when he was transferred to federal prison to serve a sentence in a criminal case. After completing that sentence in April 2021, Brull was transferred back to the SPTP where he remains in treatment.

Our court and the federal courts are well-acquainted with Brull's legal efforts to challenge his conditions of confinement at the SPTP and to be released from the program. Brull has filed many cases over the years including *Brull v. Keck*, 2018 WL 4840297, at *1, 5 (appeal from dismissal of 12 consolidated district court cases alleging various claims against the SPTP); *Brull v. Jordan*, *Secretary of Kansas Dept. of SRS*, No. 101,755, 2011 WL 420700, at *1, 4-9 (Kan. App. 2011) (unpublished opinion) (appeal from summary judgment denying 42 U.S.C. § 1983 claims); *Brull v. Kansas Dept. of SRS*, No. 103,948, 2011 WL 420725, at *1-3 (Kan. App. 2011) (unpublished opinion)

2

(appeal from summary dismissal of K.S.A. 60-1501 petition); *Brull v. Disability Rights Center of Kansas*, No. 09-3219-CM-DJW, 2010 WL 4687653, at *1-3 (D. Kan. 2010) (unpublished opinion) (federal court dismissal with prejudice of Brull's complaint alleging the Center denied a statutory right to receive protection); *Brull v. Kansas*, No. 09-3195-RDR, 2010 WL 3829580, at *1-4 (D. Kan. 2010) (unpublished opinion) (dismissal of Brull's habeas corpus petition challenging conditions of his confinement at the SPTP); *Brull v. Kansas Social and Rehabilitation Services*, No. 09-3188-SAC, 2010 WL 3829481, at *1-2 (D. Kan. 2010) (unpublished opinion) (dismissal of amended complaint that failed to allege cognizable cause of action); *Brull v. Kansas Dept. of SRS*, No. 103,752, 2010 WL 4320377, at *1, 11 (Kan. App. 2010) (unpublished opinion) (appeal from summary dismissal of K.S.A. 60-1501 petition alleging inadequate treatment at the SPTP); *Brull v. Kansas Dept. of SRS*, No. 103,325, 2010 WL 3984998, at *1-2, 8 (Kan. App. 2010) (unpublished opinion) (appeal from summary dismissal of two K.S.A. 60-1501 petitions alleging SPTP staff retaliation and violation of right to access the courts); *Brull v. Kansas Social and Rehabilitation Services*, No. 09-3188-SAC, 2009 WL 4030450, at *2 (D. Kan. 2009) (unpublished opinion) ("direct[ed] [Brull] to show cause why the complaint should not be dismissed" for failure to provide factual or legal basis to proceed under 42 U.S.C. § 1983); *In re Care & Treatment of Brull*, No. 95,024, 2006 WL 2562855, at *1 (Kan. App. 2006) (unpublished opinion) (appeal from denial of request for transitional release); *Brull v. State*, 31 Kan. App. 2d 584, 585, 587-90, 69 P.3d 201 (2003) (appeal from denial of habeas corpus petition); and *Brull v. State*, No. 88,363, 2003 WL 27393463, at *1-2 (Kan. App. 2003) (unpublished opinion) (appeal from denial of Brull's motion to withdraw his stipulation that he was a sexually violent predator).

In 2021, Brull filed a petition in Pawnee District Court under 42 U.S.C. § 1983 and 42 U.S.C. § 1997 et seq. against the Secretary alleging various constitutional violations related to the conditions of his confinement at the SPTP. The district court ultimately dismissed with prejudice Brull's amended petition for failure to state a claim for which relief can be granted. On appeal, this court described Brull's pleading as "a

torrent of words and statutory citations in a lengthy, though conclusory, diatribe on his detention." *Brull v. KDADS*, No. 125,924, 2024 WL 4647675, at *1 (Kan. App. 2024) (unpublished opinion) (Pawnee County case). This court upheld the district court's dismissal but remanded with directions for the district court to enter a judgment of dismissal without prejudice to "allow Brull to file a new and presumably better pleaded action, if he so chooses." 2024 WL 4647675, at *3.

Meanwhile, on March 23, 2023, before this court issued its decision in the Pawnee County case, Brull filed a petition against the Secretary in Shawnee County District Court under 42 U.S.C. § 1983 and 42 U.S.C. § 1997 et seq., alleging various constitutional violations related to his confinement at the SPTP. That same day, Brull moved to have counsel appointed for him and for a temporary restraining order enjoining the Secretary and SPTP staff from retaliating against him. The district court denied Brull's motion for the appointment of counsel, finding that Brull was not entitled to counsel in a civil case and noting that Brull has extensive experience in self-representation.

The Secretary twice moved to dismiss Brull's petition under the doctrine of res judicata and K.S.A. 2024 Supp. 60-212(b). As for relief under K.S.A. 2024 Supp. 60-212(b), the Secretary's memorandum supporting the second motion to dismiss argued:

> "Defendant Howard also is entitled to dismissal under K.S.A. 60-212(b)(1) and (6). First, this court does not have subject matter jurisdiction under 42 U.S.C. § 1983 for alleged violations of state rights. Second, Plaintiff's 68-page Amended Petition is, for the most part, a mere recitation of generalized grievances Plaintiff has about the SPTP, many of which pertain to the reintegration and transitional phases, levels he admits that he has not yet reached. Sheer speculation about the prospect of some future injury is insufficient to state a claim upon which relief can be granted. In fact, Plaintiff's Amended Petition is devoid of any detailed facts of an alleged injury or any policy or custom that this Defendant acted with the state of mind required to establish the alleged violation of *constitutional or federal rights*, sufficient to state a claim for relief under 42 U.S.C.

4

§ 1983. Thus, Plaintiff has failed to satisfy the pleading requirements of K.S.A. 60-212(b) and the Amended Petition should be dismissed in its entirety with prejudice."

Brull objected to the dismissal motions and the parties filed extensive briefs. The district court heard oral argument on the Secretary's motions to dismiss on November 16, 2023. A transcript of that hearing is not in the record on appeal. The district court allowed Brull to amend his petition in November 2023. In paragraph 12 of the amended petition Brull enumerated 62 subparagraphs alleging complaints about the conditions of his confinement divided into two categories, the first category involving issues related to Brull's confinement at the SPTP and the second category involving issues related to reintegration and transitional release. In December 2023, the Secretary moved to dismiss the amended petition, but that motion is not in the record on appeal.

On March 25, 2024, the district court issued a 50-page order granting the Secretary's motion to dismiss with prejudice. The district court, at times, relied in part on the doctrine of res judicata for dismissal because Brull's Pawnee County case already had been dismissed with prejudice. But the district court's main reason for dismissal was because Brull's amended petition failed to state a claim for which relief can be granted under K.S.A. 2023 Supp. 60-212(b)(6). The district court individually addressed each of Brull's first 26 complaints involving issues related to his confinement at the SPTP. The district court found that each complaint failed to state a claim for various reasons including that some of the complaints were based on conclusory allegations with no factual support, some of the complaints failed to allege shocking and intolerable conduct of a constitutional stature, Brull lacked standing to bring some of the complaints, some of the complaints were speculative in nature, and some of the complaints failed to identify a constitutional violation. The district court addressed subparagraphs 27 through 62 collectively and found that Brull's complaints related to reintegration and transitional release failed to state a claim because Brull admitted he had not yet reached the program level where he would be eligible for reintegration and transitional release. As a result of

5

the ruling, the district court found that Brull's motion for a temporary restraining order was rendered moot. Brull timely appealed the district court's judgment.

ANALYSIS

Brull raises 24 separately numbered claims on appeal. Underpinning almost every claim is that Brull challenges the district court's decision to dismiss his amended petition for failure to state a claim for which relief can be granted. This court has unlimited review over whether the district court erred in granting a motion to dismiss on that ground. *Cohen v. Battaglia*, 296 Kan. 542, 545, 293 P.3d 752 (2013). In conducting that review, appellate courts accept as true the facts alleged by the plaintiff along with any inferences that can be reasonably drawn therefrom. 296 Kan. at 546. The court then decides whether those facts or inferences state a claim under any theory. 296 Kan. at 546.

A 42 U.S.C. § 1983 claim has two essential elements: "(1) whether the conduct complained of was committed by a person acting under color of state law, and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Prager v. Kansas Dept. of Revenue*, 271 Kan. 1, 11-12, 20 P.3d 39 (2001). Brull also brought his petition under 42 U.S.C. § 1997 et seq. But this court has already found that Brull cannot rely on 42 U.S.C. § 1997 et seq. for his claims because it does not create a private cause of action—only a United States attorney or the federal Department of Justice may pursue a claim thereunder. *Brull*, 2024 WL 4647675, at *1. Thus, Brull's amended petition fails to state any claim under 42 U.S.C. § 1997 et seq. Brull does not dispute that finding on appeal and has thus abandoned the argument. See *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 645, 294 P.3d 287 (2013).

Before addressing Brull's specific claims on appeal, we observe that the district court found that some of the claims were barred, in part, by res judicata based on the

6

district court's dismissal with prejudice in the Pawnee County case. But this court later remanded the Pawnee County case with directions for the district court to enter a judgment of dismissal without prejudice. *Brull*, 2024 WL 4647675, at \*3. As the Secretary acknowledges, the dismissal without prejudice in the Pawnee County case means there is no longer a final judgment on the merits in that case, and as a result, res judicata as it is traditionally understood no longer applies to Brull's claims here. See *Herington v. City of Wichita*, 314 Kan. 447, 457, 500 P.3d 1168 (2021). But the district court did not dismiss any of Brull's claims based solely on res judicata. The district court addressed the merits of each claim and found no constitutional violations. Thus, any error by the district court in relying in part on res judicata is rendered harmless.

Turning to Brull's specific claims on appeal, his first issue asserts, without making any argument, that the district court erred in denying him counsel. While this claim is inadequately briefed, we have no difficulty upholding the district court's ruling that Brull was not entitled to appointed counsel in a civil case. See *State ex rel. Stephan v. O'Keefe*, 235 Kan. 1022, 1025-26, 686 P.2d 171 (1984). Brull has a statutory right to counsel at all stages of the proceedings under the KSVPA. See K.S.A. 2024 Supp. 59-29a06(b). But he has no right to receive appointed counsel in this proceeding under 42 U.S.C. § 1983.

Brull's second issue asserts that the district judge exhibited prejudice and bias by his premature dismissal of the case and refusal to provide an evidentiary hearing. We decline to review any claim of judicial bias because Brull did not follow the proper procedure to raise such a claim under K.S.A. 20-311d, including the claimant's filing of an affidavit in district court describing the judge's personal bias with facts and reasons explaining the claimant's belief for the bias and any resulting prejudice. The Kansas Supreme Court has refused to address judicial bias claims that do not conform to the K.S.A. 20-311d procedure. *State v. Moyer*, 306 Kan. 342, 371-72, 410 P.3d 71 (2017).

All of Brull's remaining issues on appeal are tied in one way or another to his various claims presented in district court alleging complaints about the conditions of his confinement at the SPTP and complaints related to reintegration and transitional release. We find all of these issues to be inadequately briefed. Most of the issues in Brull's brief begin with a series of questions followed by large, unexplained quotations from several cases, many of which are not related to the issue being raised. Many issues contain no argument while other issues contain some argument but nothing that comes close to meeting Brull's burden of showing a constitutional violation concerning his conditions of confinement at the SPTP. Issues not adequately briefed are deemed waived and abandoned. *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018). Failure to support a point with pertinent authority or failure to show why a point is sound despite a lack of supporting authority or in the face of contrary authority is like failing to brief the issue. *In re Adoption of T.M.M.H.*, 307 Kan. 902, 912, 416 P.3d 999 (2018).

Moreover, many issues in Brull's brief fail to comply with Supreme Court Rule 6.02(a)(5) (2025 Kan. S. Ct. R. at 36) by including a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on below. If the issue was not raised below, there must be an explanation why the issue is properly before the court. Compliance with Supreme Court Rule 6.02(a)(5) must be strictly enforced. *In re A.S.*, 319 Kan. 396, 401, 555 P.3d 732 (2024). Pro se litigants are not excused from complying with Rule 6.02(a)(5). *Joritz v. University of Kansas*, 61 Kan. App. 2d 482, 498, 505 P.3d 775 (2022). Our Supreme Court has warned that litigants who violate Rule 6.02(a)(5) risk a ruling that the issue is improperly briefed and will be deemed waived or abandoned. *State v. Holley*, 315 Kan. 512, 524, 509 P.3d 542 (2022).

To the extent that any issues raised by Brull are properly briefed, he is simply reprising the claims he presented in district court. We have reviewed the district court's comprehensive 50-page order granting the Secretary's motion to dismiss. The district court addressed each of Brull's complaints involving issues related to his confinement at

the SPTP, to the extent Brull made any cogent argument, and found that each complaint failed to state a claim for relief under K.S.A. 2023 Supp. 60-212(b)(6). On appeal, Brull again raises complaints about reintegration and transitional release although he has not reached the program level where he would be eligible for reintegration and transitional release. We find that Brull has failed to show on appeal any reversible error of law and that the district court's findings of fact and conclusions of law adequately explain its decision to dismiss Brull's amended petition for failure to state a claim for which relief can be granted. See Supreme Court Rule 7.042(b)(5) (2025 Kan. S. Ct. R. at 49).

Finally, as to the district court's dismissal with prejudice, we acknowledge the general rule that the first dismissal for failure to state a claim should be without prejudice to allow a plaintiff the opportunity to file a better pleaded petition. *Brull*, 2024 WL 4647675, at *3. But there is a reason not to follow that rule here. As the Secretary points out in her brief, Brull has engaged in improper claim-splitting by filing cases in Pawnee County and Shawnee County raising the same claims. Generally, a party should not be permitted to pursue the same claims in multiple jurisdictions at the same time. See *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011) ("The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit. By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste 'scarce judicial resources' and undermine 'the efficient and comprehensive disposition of cases.'"); *Wright v. Brotherhood Bank & Tr. Co.*, 14 Kan. App. 2d 71, 73, 782 P.2d 70 (1989) ("The rule against splitting causes of action requires that all claims arising out of a single wrong be presented in one action.").

Brull fails to adequately argue that the district court's dismissal with prejudice was erroneous. More importantly, we have already remanded Brull's Pawnee County case with directions for the district court to enter a judgment of dismissal without prejudice to "allow Brull to file a new and presumably better pleaded action, if he so chooses." *Brull*, 2024 WL 4647675, at *3. To order the same disposition here would allow Brull to

9

continue to engage in improper claim-splitting. For this reason, we affirm the district court's judgment of dismissal with prejudice. See *Gannon v. State*, 302 Kan. 739, 744, 357 P.3d 873 (2015) (upholding district court's decision if it is correct for any reason).

Affirmed under Supreme Court Rule 7.042(b)(5) (2025 Kan. S. Ct. R. at 49).