No. 58,567

PEOPLES NATIONAL BANK OF LIBERAL, KANSAS, *Appellee,* v. DONALD
D. MOLZ, *Appellant.*

(718 P.2d 306)

Opinion filed May 2, 1986.

*Donald D. Molz,* pro se, was on the brief for appellant.

*Richard R. Yoxall,* of Yoxall, Antrim, Richardson & Yoxall, of Liberal, was on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: This is an action to foreclose a security interest in personal property. The district court granted summary judgment in favor of the plaintiff-appellee, Peoples National Bank of Liberal (Bank). Defendant, Donald D. Molz, appeals.

Mr. Molz represented himself throughout the trial court proceedings and is pro se on appeal.

Appellant executed a promissory note in favor of the Bank on August 16, 1983, in the principal amount of $5,310.04, payable in monthly installments. Pursuant to the terms of the note, appellant granted the Bank a security interest in an automobile and two motorcycles (auto loan). Appellant executed a second note in favor of the Bank on September 8, 1983, in the amount of $4,991.20 and payable in monthly installments. Pursuant to the terms of this note, appellant granted the Bank a purchase money security interest in a mobile home (mobile home loan).

Appellant defaulted on both notes, and the Bank filed this action seeking foreclosure of its security interest in appellant's personal property. Appellant filed a document entitled "Counter Petition" alleging violations of the federal Truth in Lending Act and the Real Estate Settlement Procedures Act.

Both parties filed motions for summary judgment. Summary judgment was granted in favor of the Bank and this appeal by Molz followed.

Appellant first contends the Bank failed to provide him with a notice of right to rescission and cites 12 C.F.R. § 226.15 (1986) as

authority for his contention. However, as appellee points out, that regulation is inapplicable here as it refers to the right of rescission under open end credit. The proper citation is to 12 C.F.R. § 226.23 (1986), which is codified at 15 U.S.C. § 1635 (1982).

15 U.S.C. § 1635(a) provides as follows:

"*Except as otherwise provided in this section,* in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as *the principal dwelling* of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section." (Emphasis added.)

Subparagraph (e)(1)(A) of the same statute provides that this section does not apply to "a residential mortgage transaction as defined in section 1602(w) of this title . . . ." A residential mortgage transaction is defined as a transaction in which a mortgage or purchase money security interest or equivalent consensual security interest is created or retained in the consumer's principal dwelling to finance the acquisition or principal construction of that dwelling. 15 U.S.C. § 1602(w) (1982). Dwelling includes a mobile home. 12 C.F.R. § 226.2(a)(19) (1986). Since the appellant created a purchase money security interest in favor of the bank in order to finance the acquisition of his mobile home, the mobile home loan was exempt from the right of rescission notice requirements of 15 U.S.C. § 1635 and appellant's claim is without merit. Further, the Bank was not required to provide notice of the right to rescind on the automobile loan. The notice requirements apply only to those transactions involving the retaining or acquiring of a security interest in property which is used as the "principal dwelling." The property taken as security for the automobile loan does not qualify. This argument is without merit.

Appellant also argues the Bank failed to disclose the "total sales price" as required under 12 C.F.R. § 226.18(j) (1986). This issue is raised for the first time on appeal. A point not raised before or presented to the trial court may not be raised for the first time on appeal. *Goben v. Barry,* 237 Kan. 822, 825-26, 703 P.2d 1378 (1985).

While this issue was not properly raised before the trial court, we will comment on its merits. Total sales price is required to be disclosed under 12 C.F.R. § 226.18 in a credit sale. In the present case, the Bank clearly did not sell the collateral to the appellant. The Bank simply loaned the appellant money and took a security interest in the collateral. This issue is without merit.

Appellant next alleges the trial court erred in finding that the provisions of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 *et seq.* (1982), were not applicable to the case at bar. RESPA applies only to those loans which are "federally related mortgage loans" as that term is defined at 12 U.S.C. § 2602(1) (1982). Among other requirements, a federally related mortgage loan must be secured by a "first lien on residential real property." 12 U.S.C. § 2602(1)(A). The act has no application to personal property transactions and loans. Therefore, since the two loans which are the subject of this appeal involve only security interests in personal property, RESPA is not applicable. The trial court did not err in so holding.

Appellee argues it should be awarded attorney fees and expenses incurred on appeal as authorized by Supreme Court Rule 7.07 (235 Kan. lxxv) because the appeal was taken frivolously and for the purpose of delay. The Bank points out that appellant has consistently raised arguments and issues which have no basis in fact or law. This is true since appellant's arguments concerning alleged violations of the TILA and RESPA are completely without merit. We defined a frivolous appeal in *Blank v. Chawla,* 234 Kan. 975, 982, 678 P.2d 162 (1984), as one in which no justifiable question has been presented and the appeal is readily recognized as devoid of merit in that there is little prospect that it can ever succeed. This case fits that definition. Accordingly, we award appellee judgment against appellant in the amount of five hundred fifty dollars ($550.00) for attorney fees and the costs of printing briefs.

The judgment of the trial court is affirmed and remanded with instructions to enter judgment in accordance with this opinion.