NOT DESIGNATED FOR PUBLICATION

No. 113,518

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CARL and SUE MCCRACKEN;
TONY M. HORINEK AND ANITA M. HORINEK, as Trustees of the Tony M. Horinek
Revocable Trust and Trustees of the Anita M. Horinek Revocable Trust;
AARON M. HORINEK; REX AND JOAN JAMISON; S&T TELEPHONE COOPERATIVE,
*Appellees,*

v.

DONALD W. DAWES and PHYLLIS C. DAWES,
*Appellants.*


MEMORANDUM OPINION


Appeal from Sherman District Court; SCOTT SHOWALTER, judge. Opinion filed December 31, 2015. Affirmed.


*Donald W. Dawes and Phyllis C. Dawes*, appellants pro se.


*Adam C. Dees*, of Vignery & Mason L.L.C., of Goodland, for appellees.


Before SCHROEDER, P.J., PIERRON, J. and HEBERT, S.J.


*Per Curiam*: Donald W. and Phyllis C. Dawes (the Daweses) appeal from the district court's decision in two consolidated cases originally filed against them in Sherman and Thomas Counties. Because the Daweses' brief fails to comply with Supreme Court Rule 6.02(a) (2015 Kan. Ct. R. Annot. 41) and the Daweses fail to provide a reason for this court to reverse the district court's decision, we affirm. We also agree that the Daweses' appeal is frivolous, so we grant the Plaintiffs' motion for attorney fees.

1

*Factual and Procedural Background*

On November 25, 2014, in Sherman County District Court Case No. 14CV32, Carl and Wanda McCracken (the McCrackens) filed a motion for judicial review of a document purporting to create a lien or claim on property they alleged to own. The motion listed the Daweses as defendants. The McCrackens, as well as the other consolidated plaintiffs/appellees, are owners of property formerly owned by the Daweses. The Internal Revenue Service had foreclosed its liens and sold the property, based on substantial federal taxes which the Daweses had failed to pay. There is nothing in the record which would indicate that the Daweses ever atempted to redeem the property after the sale. The Daweses, however filed documents, referred to as "caveats", purporting to create or retain a lien or interest in the various properties, despite the foreclosure and sale and despite prior adverse determination in the federal courts regarding issues of ownership. On the same day the McCrackens filed their motion, the district court signed an order stating that it had considered the McCrackens' motion as well as the attached documents and determined that the document filed by the Daweses did not create a valid lien or claim.

Then on December 1, 2014, in Thomas County District Court Case No. 14CV52, Tony M. Horinek and Anita M. Horinek, as Trustees of the Tony M. Horinek Revocable Trust and Trustees of the Anita M. Horinek Revocable Trust; Aaron M. Horinek; Rex Jamison and Joan Jamison; and S & T Telephone Cooperative filed a motion for judicial review of a document purporting to create a lien or claim on property they alleged to own. The Daweses were the defendants in this motion as well, which was filed by the same attorney who filed the McCrackens' petition. The district court signed an order stating that it considered the Plaintiffs' motion as well as the attached documents and determined that the document did not create a valid lien or claim.

2

On December 4, 2014, the Plaintiffs in 14CV52 filed a motion to consolidate their case with the McCrackens' case in 14CV32. On December 12, 2014, the Dawes filed pro se objections to the motions in both 14CV32 and 14CV52. The Daweses maintained that the actions should be dismissed and that the attorney who filed the motions should be sanctioned for filing frivolous cases. The Daweses also claimed to be entitled to $2.5 million in sanctions for extreme stress and loss of crops.

On December 23, 2014, the district court consolidated the cases and transferred venue in 14CV52 to Sherman County District Court. That same day, all the plaintiffs in the consolidated cases (the Plaintiffs) filed a petition against the Daweses.

On January 14, 2015, the Daweses filed a pro se motion to dismiss for lack of jurisdiction. They also filed an answer and counterclaim. The district court held a pretrial conference on January 28, 2015. That same day, the Plaintiffs filed an answer to the Daweses' counterclaim, a response to the motion to dismiss for lack of jurisdiction, and a motion for attorney fees. On February 9, 2015, the Daweses filed an objection to the motion for attorney fees. The Daweses also filed a motion for an extension of time in order to obtain counsel and receive an appellate ruling in Kansas Court of Appeals Case No. 112,568. The Plaintiffs filed an objection to the motion for an extension of time. The district court denied the motion to extend time and stayed the request for attorney fees until trial.

Although there is no trial transcript in the record on appeal, the district court's journal entry of judgment indicates that it held a trial on this matter on March 4, 2015, at which the court admitted exhibits filed by both parties and heard testimony from witnesses called by the Plaintiffs.

On March 5, 2015—the day after trial—the Plaintiffs filed with the court a proposed journal entry under Supreme Court Rule 170 (2015 Kan. Ct. R. Annot. 264). On

3

March 11, 2015, the Daweses filed a notice of appeal of the March 4, 2015, ruling. This notice of appeal became effective and timely on March 17, 2015, when the district court filed a journal entry memorializing the rulings it apparently announced at the March 4, 2015, trial. See Supreme Court Rule 2.03(a) (2015 Kan. Ct. R. Annot. 13).

In the journal entry, the district court determined it had subject matter jurisdiction and denied the Daweses' motion to dismiss. The district court determined that the Daweses knew or should have known that the documents they filed and recorded violated K.S.A. 2014 Supp. 58-4301; the Daweses wrongfully filed and recorded the documents; the Plaintiffs sustained an unknown amount of damages; and the Plaintiffs expended $7,000 in reasonable attorney fees. The district court, therefore, ordered that the Daweses were enjoined under K.S.A. 2014 Supp. 58-4302(e)(2) from filing any future liens, claims, caveats, or other documents with any filing officer without approval of the Sherman or Thomas County District Courts; enjoined under K.S.A. 2014 Supp. 58-4302(e)(3) from filing any future liens, claims, caveats, or other documents that would violate K.S.A. 2014 Supp. 58-4301; required to pay the Plaintiffs $7,000 in attorney fees; and required to pay $50,000 in liquidated damages under K.S.A. 2014 Supp. 58-4302(e)(1). The district court, however, stayed "the payment of liquidated damages until and unless the Dawes [*sic*] take further legal, physical, personal, or any other action against the plaintiffs or the plaintiffs' property."

The Daweses docketed their appeal with this court on April 7, 2015. After the appeal was docketed, the Plaintiffs filed a motion for supersedeas bond, which the district court granted. The Daweses docketed an appeal of the supersedeas bond in this case on May 4, 2015, but they do not argue the issue in their appellate brief.

On August 17, 2015, the Plaintiffs filed a motion for $1,200 in appellate attorney fees with this court. The Plaintiffs' attorney attached to the motion an affidavit of counsel and an itemization of costs supporting the motion. The Daweses responded to the motion

4

for attorney fees, arguing that this court should deny the motion. On August 25, 2015, this court ordered that the panel assigned to hear the case would consider the attorney fee issue.

After the district court issued its ruling in this case, another panel of this court considered an apparently consolidated appeal from two other Sherman County cases where different plaintiffs—Brian and Janda Linin—had filed actions against the Daweses regarding caveats the Daweses filed on property the Linins owned that the Daweses had previously owned. On April 24, 2015, this court decided that it had no jurisdiction over the appeal in one case because the Daweses did not timely appeal the decision in that case and that it could not consider the issues in the other case because the Daweses failed to provide the appellate court with the district court record in that case. *Linin v. Dawes*, No. 112,568, 2015 WL 1947452, (Kan. App. 2015) (unpublished opinion). On May 28, 2015, the mandate was issued on that opinion.

*Sufficiency of the Daweses' Brief*

We must affirm the district court's decision because the Daweses brief fails to comply with Supreme Court Rule 6.02(a) (2015 Kan. Ct. R. Annot. 41). Although the Daweses' brief appears to comply with the requirements in Rule 6.02(a)(1) and (2) that it begin with a table of contents and a nature of the case, it does not comply with the remaining requirements in Rule 6.02(a)(2)-(5). It does not contain a brief statement of the issues to be decided; a concise statement of the material facts that are keyed to the record on appeal by volume and page number; or the arguments and authorities relied on in each separate issue, beginning with a citation to the appropriate standard of review and a reference to the location in the record where the issue was raised and ruled on below.

After the nature of the case, the Daweses list eight issues for review. However, the listing of issues does not correspond with the arguments made later in the brief of

which there are only four. Next, although the Daweses include a statement of facts, only a few of the statements have vague citations to the record. Moreover, the fact section is not particularly helpful in determining what the Daweses want this court to review on appeal. Therefore, it does not comply with Rule 6.02(a)(4)'s requirement the brief include a "concise but complete statement, without argument, of the facts that are material to determining the issues to be decided in the appeal."

A substantial problem with the Daweses' fact section is that they failed to provide us with the trial transcript as part of the record on appeal, so they cannot cite to the evidence relied on by the district court to make its decision. The appellant has the duty to request a hearing transcript necessary to properly present the appeal. Supreme Court Rule 3.03(a) (2015 Kan. Ct. R. Annot. 23). The Daweses became aware that the record was deficient when the Plaintiffs argued in their brief that this court should uphold the district court's decision due to the lack of a sufficient record to review that decision. The Daweses did not respond to the Plaintiffs' argument. The burden is on the party making a claim to designate facts in the record to support that claim; without such a record, the claim of error fails. See *Friedman v. Kansas State Bd. Of Healing Arts,* 296 Kan. 636, 644-45, 294 P.3d 287 (2013).

To support their argument that this court should uphold the district court's decision based on the lacking transcript, the Plaintiffs cite this court's decision in the Daweses' other appeal. In that case, however, the Daweses failed to provide this court with any of the record from the district court. *Linin*, 2015 WL 1947452, at *3. In the present case, it appears that we have everything except the trial transcript. This court has no choice other than to assume the district court's factual findings are supported by trial testimony. See Supreme Court Rule 6.02(a)(4) (2015 Kan. Ct. R. Annot. 41) ("The court may presume that a factual statement made without a reference to volume and page number has no support in the record on appeal.") The Kansas Supreme Court has declined to address an

appellant's argument when the appellant fails to "develop the record below or, at least, cite to the record." *State v. Reed*, 300 Kan. 494, 513, 332 P.3d 172 (2014).

The next requirement is that the brief contain an argument on each separate issue, starting with a citation to the appropriate standard of review and a reference to the location in the record where the issue was raised and ruled on below. Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41). As stated previously, the Daweses' argument section only contains 4 issues. After each issue, the Daweses include a heading that states: "Standards of Review and Preservation of the Issue." This heading is followed by a paragraph that neither lists this court's standard of review nor shows that the Daweses preserved the issue by arguing it below. Clearly, the Daweses' brief fails to meet Rule 6.02(a)(5).

After the argument section, the Daweses' brief contains a public notice page from the January 7, 2014, Goodland Star-News giving notice of the Linins' lawsuit against the Daweses and five pages allegedly from a transcript of the hearing on the supersedeas bond. They do not suggest that the pages were submitted to the trial court or how they are relevant to the present case. The Daweses do not explain why these pages are in the brief. Merely including documents as an appendix to a brief does not make those documents part of the record that may be considered for appellate review. See *Romkes v. University of Kansas,* 49 Kan. App. 2d 871, 886, 317 P.3d 124 (2014). Finally, there are then three pages titled: "Conclusion Closing Statement." In their conclusion, the Daweses twice argue that they rightly filed the caveat due to their God-given unalienable right protected by the Second Amendment to the United States Constitution.

We recognize that the Daweses are representing themselves in this appeal—not an easy task for those untrained in law. Nevertheless, as has been stated before:

"'A pro se litigant in a civil case is required to follow the same rules of procedure and evidence which are binding upon a litigant who is represented by counsel. Our legal system cannot function on any basis other than equal treatment of all litigants. To have different rules for different classes of litigants is untenable. A party in civil litigation cannot expect the trial judge or an attorney for the other party to advise him or her of the law or court rules, or to see that his or her case is properly presented to the court. A pro se litigant in a civil case cannot be given either an advantage or a disadvantage solely because of proceeding pro se.' *Mangiaracina v. Gutierrez*, 11 Kan. App. 2d 594, 595-96, 730 P.2d 1109 (1986)." *In re Estate of Broderick*, 34 Kan. App. 2d 695, 701, 125 P.3d 564 (2005).

We also recognize that, while we adhere to these rules, we may be flexible when enforcing them on a self-represented party if the party has demonstrated some semblance of compliance with the rules. However, the Daweses' failure to provide us with a complete record on appeal to review and file a brief that sufficiently complies with Supreme Court Rule 6.02 to assist us in that review, do not justify any flexibility here. See *Linin*, 2015 WL 1947452, at *4.

We will consider the one argument we can glean from the Daweses' brief contained in their conclusion section where they argue that they rightly filed the caveat due to their God-given unalienable right protected by the Second Amendment to the United States Constitution and that they filed the caveats to enforce their "2nd Amendment property rights."

The Second Amendment to the United States Constitution states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." The Second Amendment does not say anything about people having a right to file caveats on previously-owned land that was taken away when they failed to pay their taxes.

8

Because of the deficiencies in the Daweses' brief, we cannot tell what the Daweses are challenging about the proceedings below. Their failure to adequately brief any issue precludes us from analyzing any claim of error regarding the district court's decision. We must affirm the district court's decision.

*Attorney Fees*

The Plaintiffs have moved for an assessment of their attorney fees on appeal against the Daweses pursuant to Supreme Court Rule 7.07(c) (2015 Kan. Ct. R. Annot. 72). In their motion seeking attorney fees of $1,200, the Plaintiffs succinctly state the reason for their request: "Appellee asks for attorney fees and costs because this appeal was frivolous." Regarding frivolous appeals, Supreme Court Rule 7.07(c) states:

> "If an appellate court finds that an appeal has been taken frivolously, or only for the purpose of harassment or delay, it may assess against the appellant or appellant's counsel, or both, the cost of reproduction of the appellee's brief and a reasonable attorney fee for the appellee's counsel. A motion for attorney fees under this subsection must comply with subsection (b)(2). If the motion is granted, the mandate must include a statement of the assessment, and execution may issue on the assessment as for any other judgment, or in an original case the clerk of the appellate courts may issue an execution." (2015 Kan. Ct. R. Annot. 72-73).

A frivolous appeal is an appeal that presents no justiciable question and is readily recognized as devoid of merit because it presents little prospect of success. *Peoples Nat'l Bank of Liberal v. Molz*, 239 Kan. 255, 257, 718 P.2d 306 (1986). The Plaintiffs argue that the Daweses' appeal was frivolous because the issues regarding property ownership have been decided by the United States District Court in *United States v. Dawes*, 344 F. Supp. 2d 715, 718 (D. Kan. 2004), which was affirmed by the Tenth Circuit Court of Appeals in *United States v. Dawes*, No. 04-3454, 2005 WL 3278027 (10th Cir. 2005) (unpublished opinion), and noted by the Kansas Court of Appeals in *Linin*, 2015 WL 1947452. The Plaintiffs further argue that the Daweses failed to provide the court with a

complete record to review the district court's decision, and the Daweses' brief failed to comply with Supreme Court Rule 6.02(a) because they did not cite to the record, provide a standard of review, or present any valid arguments to the court.

The Daweses filed an objection to the Plaintiffs' fee motion, arguing that their appeal is not frivolous because it was timely filed and "[t]he issue of the ownership of the Fee Simple Freehold Absolute had never addressed [*sic*]." Additionally, the Daweses argue that the ruling in *Linin*, 2015 WL 1947452, does not apply to this court because it was dismissed due to their failure to timely appeal. While it is true that this court's ruling in *Linin*, 2015 WL 1947452, is not directly determinative of this case, it remains true that this appeal as filed by the Daweses is frivolous. Their objections to the fee requests reiterate their frivolous claim that they retain an interest in the property. That issue was long ago conclusively decided against them in the federal court case above cited and cited by the Plaintiffs in their motion. Their objections are without merit.

The Plaintiffs' motion for attorney fees was timely filed and properly supported by affidavits and time records as required by Supreme Court Rule 7.07(b) (2015 Kan. Ct. R. Annot. 72). The fees requested are consistent with the reasonableness factors detailed from Kansas Rules of Professional Conduct 1.5(a) (2015 Kan. Ct. R. Annot. 503). Even though the Daweses' claims on appeal were frivolous, the Plaintiffs needed to protect themselves by responding.

We determine that the Plaintiffs' fee request is reasonable, equitable, and properly justified. We sustain the Plaintiffs' motion for attorney fees and grant the Plaintiffs judgment against Donald W. Dawes and Phyllis C. Dawes jointly and severally in the total amount of $1,200.

Affirmed, and Plaintiffs' motion for attorney fees is granted.