NOT DESIGNATED FOR PUBLICATION

No. 123,840

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

CHASE S. ANDERSON,
*Appellee*,

and

AMANDA M. ANDERSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; QUENTIN PITTMAN, judge. Opinion filed December 30, 2021. Affirmed.

*Jordan E. Kieffer*, of Jordan Kieffer, P.A., of Bel Aire, for appellant.

*Stephen M. Turley*, of Wagle & Turley, LLC, of Wichita, for appellee.

Before POWELL, P.J., ATCHESON, J. and RICHARD B. WALKER, S.J.

PER CURIAM: On appeal, Amanda M. Anderson challenges a journal entry the Sedgwick County District Court entered resolving various points of contention arising in her divorce, including child support and custody. During a portion of the divorce proceedings in the district court, Anderson represented herself. At that time, she informed the district court she had no objection to the disputed journal entry being filed. Her present complaints about the content and filing of the journal entry constitute invited errors that we will not consider. We, therefore, afford Anderson no relief and affirm the district court.

1

Given the procedural posture of this appeal and the legal basis on which we resolve it, the details of Anderson's marriage to Chase S. Anderson and the various twists and turns their divorce took in the district court are immaterial. Chase filed for divorce in April 2019. The Andersons have a young child, and they had disagreements during the divorce about custody and support, among other issues. For most of the district court proceedings, both were represented by lawyers.

In August 2020, Judge Monique Centeno heard several days of testimony and received other evidence about various issues in the divorce. Through their lawyers, the parties could not agree on multiple aspects of a journal entry. They exchanged drafts of a proposed journal entry and met several times to work through the disagreements without success. Apparently, some matters in the proposed journal entry had not been resolved during the hearing and other matters were left unaddressed and, thus, unresolved. Efforts to settle the journal entry dragged on for months.

In the meantime, Anderson's lawyer was permitted to withdraw, and Anderson then represented herself. Judge Centeno was defeated in the 2020 election and stepped down in January 2021. Judge Quentin Pittman, her successor, inherited this divorce case when he took the bench.

Chase's lawyer eventually submitted a proposed journal entry and sought a hearing with the district court to settle any remaining points of contention. Judge Pittman held a hearing on the journal entry in early February 2021. Anderson appeared without a lawyer. During the hearing, Judge Pittman indicated he intended to file the proposed journal entry and asked Anderson if she had any objection. She responded this way: "I don't have an objection. I just want to make sure that we lay out all the issues and details. As far as I am concerned, I think that we have done the best we can do with where we are now." Judge

2

Pittman signed and filed the journal entry the next day. Anderson has appealed, and a new lawyer is representing her in the appeal.

LEGAL ANALYSIS

In her appellate brief, Anderson characterizes the journal entry Judge Pittman approved and filed as something like a wish-list, containing rulings on some disputed issues Chase "wishes [Judge Centeno] had ordered." The brief, however, is nondescript about precisely what was included in the journal entry that shouldn't have been and what was otherwise inaccurately depicted. Anderson also faults Judge Pittman for approving the journal entry without having fully reviewed the district court record. At the February hearing, Judge Pittman said he had looked at various documents submitted in the case. But he apparently had not reviewed a transcript of the August 2020 evidentiary hearing. Anderson submits there was no transcript available then. And presumably there still isn't, since it is not part of the record on appeal.

But Anderson's appeal suffers from a more fundamental and inescapable flaw. Despite being given the opportunity at the February 2021 hearing, Anderson expressly did not object to the entry of the journal entry she now challenges on appeal as inaccurate and incomplete. Based on Anderson's concession at the hearing, Judge Pittman had no need to compare the journal entry to the full evidentiary record. He reasonably concluded Anderson no longer had any disagreements with the substance of the journal entry, since she stated she had no objection to it being filed as the order of the district court.

The juxtaposition of Anderson's position enunciated in the district court with the one she now offers on appeal reflects an invited error we will not consider. Broadly stated, the invited error rule precludes a party from inviting or prompting judicial action in a case and then characterizing that action as an error on appeal requiring reversal of an adverse judgment. *Thoroughbred Assocs. v. Kansas City Royalty Co.*, 297 Kan. 1193,

3

1203-04, 308 P.3d 1238 (2013); *State v. Divine*, 291 Kan. 738, 742, 246 P.3d 692 (2011). The Kansas Supreme Court has succinctly stated the invited error rule this way: "Where a party procures a court to proceed in a particular way and invites a particular ruling, he is precluded from assailing such proceeding and ruling on appellate review." *State v. Smith*, 232 Kan. 128, Syl. ¶ 2, 652 P.2d 703 (1982).

Assuming the journal entry was erroneous in some respects, Anderson plainly invited the district court to file the document anyway, especially without then identifying any deficiencies she believed still needed to be corrected. On appeal, she cannot assert the journal entry should be set aside because it is deficient. Any error in that regard was invited, precluding appellate review and relief.

On appeal, Anderson suggests she should receive some measure of dispensation because she represented herself at the February 2021 hearing and did not fully comprehend the legal implications of not objecting to the proposed journal entry. The suggestion fails. An unrepresented party is expected to comply with the procedural rules and to present legal arguments in substantially the same way a lawyer would. *Mangiaracina v. Gutierrez*, 11 Kan. App. 2d 594, Syl. ¶¶ 1-2, 730 P.2d 1109 (1986). In short, the courts are not permitted to shade the rules or the law in favor of parties representing themselves. *In re Marriage of Arambula and Valenzuela*, No. 110,669, 2014 WL 4435902, at *1 (Kan. App. 2014) (unpublished opinion). This is yet another example of a self-represented party inadvertently undermining his or her own cause. See *Jackson v. Coleman*, No. 122,504, 2021 WL 4496121, at *1 (Kan. App. 2021) (unpublished opinion).

MOTION FOR ATTORNEY FEES

Chase has timely filed a motion under Kansas Supreme Court Rule 7.07(b) and (c) (2021 Kan. S. Ct. R. 51) to recover his attorney fees on appeal from Anderson. Anderson

4

has responded that a fee award is unwarranted under either subsection. She does not, however, challenge the amount Chase has requested.

A party may recover attorney fees on appeal under Rule 7.07(b) if the district court had the authority to award fees in the case. In a divorce action, the district court may require one party to pay some or all of the other party's legal expenses, including attorney fees, as a device to assist in making a fair allocation of the financial assets and liabilities in dissolving the marital relationship. See K.S.A. 2020 Supp. 23-2715. Here, Chase submits without further explanation that such an award would be fair and equitable. We find that conclusory assertion insufficient to support an award of attorney fees. See *In re Marriage of Langley*, No. 115,829, 2017 WL 1534853, at *9 (Kan. App. 2017) (unpublished opinion).

As provided in Rule 7.07(c), a party may recover attorney fees if an opposing party has taken a frivolous appeal. An appeal must be devoid of merit to be deemed frivolous for purposes of assessing the appellee's attorney fees against the appellant. See *Peoples National Bank v. Molz*, 239 Kan. 255, 257, 718 P.2d 306 (1986) (court defines "frivolous appeal" as one presenting nothing more than a question "readily recognized as devoid of merit in that there is little prospect that it can ever succeed"); *Marriage of Langley*, 2017 WL 1534853, at *8. Such an appeal must lack even a colorable basis.

We are disinclined to brand Anderson's appeal as frivolous measured against that demanding standard. The fitful progression of the case in the district court and the regrettable, if unavoidable, substitution of judges cuts against that conclusion. Anderson's suggestion that the district court had not fully familiarized itself with the record in advance of the February 2021 hearing cannot be dismissed as frivolous. But Anderson's acquiescence in the filing of the journal entry decimated any legal significance her suggestion might have, as we have explained. Although we view the application of the invited error rule here to be legally clear, we again are reluctant to say it is patently

5

apparent factually from the appellate record—it is a single statement in an extended hearing from a litigant representing herself—that the appeal should be treated as frivolous.

For those reasons, we deny Chase's motion for attorney fees on appeal.

Affirmed. Motion for attorney fees denied.