NOT DESIGNATED FOR PUBLICATION

No. 124,482

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

THOMAS J. REARDON,
*Appellant*,

v.

ANTONIO SAAVEDRA, *et al.*,
*Appellees*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; CONSTANCE M. ALVEY, judge. Opinion filed June 3, 2022. Affirmed.

*Thomas J. Reardon*, of Kansas City, appellant pro se.

*Laura L. McConwell*, of McConwell Law Office, of Mission, for appellees.

Before HILL, P.J., MALONE, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: This appeal arises from a boundary dispute between Thomas J. Reardon and his neighbors, Antonio and Maria Saavedra (the Saavedras), over a privacy fence installed between their properties. Reardon claimed the Saavedras were guilty of trespass because the fence they built encroached onto Reardon's property. He also asserted the tort of outrage for them having done so. The parties filed competing summary judgment motions, and the district court denied Reardon's motion and granted summary judgment in favor of the Saavedras on both of Reardon's claims. Reardon moved the court to reconsider its ruling, and the court denied relief on the motion.

1

On appeal, Reardon directs his attention to the ruling on the Saavedras' summary judgment motion, not on the ruling on his own competing summary judgment motion which was predicated on a claim of adverse possession, a claim that had never been asserted in any of the pleadings. Accordingly, we likewise will only address the ruling on the Saavedras' motion, which is dispositive of the issues. Reardon has abandoned any claim that the district court erred in denying his separate motion for summary judgment.

In our de novo review we conclude, as did the district court, that the Saavedras were entitled to summary judgment on Reardon's claims. We also conclude that the district court did not err in denying Reardon's motion to reconsider. Finally, we will address the Saavedras' claim for attorney fees on appeal.

The parties own contiguous lots in Kansas City, Kansas, with the Reardon property being to the north and the Saavedra property being to the south. Reardon owned and occupied the north property throughout the relevant time period. The Saavedras bought the south property in 2004. In March 2019, the Saavedras hired a surveyor to identify the property line between the two properties in anticipation of constructing a privacy fence between the two. The fence was constructed that year, using the survey pins set by the surveyor to identify the property line.

Construction of the fence prompted Reardon to bring this action for trespass and the tort of outrage. The district court set deadlines for the parties to identify experts and exchange their experts' reports, for the completion of discovery, and for the filing of dispositive motions.

The Saavedras identified Timothy Wiswell, a Kansas licensed surveyor, as their expert witness and provided Reardon with Wiswell's expert report on the facts and opinions to which he intended to testify concerning the trespass claim. In his report,

2

Wiswell stated that he conducted a survey in March 2019. Based on the survey, Wiswell concluded:

> "I have determined the North Boundary Line of the [Saavedra] property to the best of my professional judgement and knowledge. It is my opinion that the fence installed by Anthony Saavedra is consistent with the survey findings and is along the northern boundary of the Saavedra property, 1433 S. 31st Street, Kansas City, Wyandotte County, Kansas, and not on his northern neighbor's property."

Reardon did not identify an expert or provide his own survey report to refute any of the facts and expert opinions expressed in Wiswell's report.

The Saavedras moved for summary judgment, setting forth their statement of uncontroverted facts with citations to the record. According to the Saavedras, there were no genuine issues of material fact and they were entitled to judgment as a matter of law on Reardon's trespass claim based on Reardon's failure to controvert Wiswell's expert opinion that the fence did not infringe onto Reardon's property. As to Reardon's claim of outrage, often referred to as the intentional infliction of emotional distress, the Saavedras argued that as a matter of law Reardon failed to establish "extreme and outrageous" conduct. Citing *Roberts v. Saylor*, 230 Kan. 289, 292, 637 P.2d 1175 (1981), the Saavedras pointed out that a claim of outrage is predicated on (1) conduct that may be reasonably regarded as extreme and outrageous, (2) resulting in the infliction of emotional distress in such an extreme and severe degree that no reasonable persons should be expected to endure it. Aside from the question of whether the construction of an encroaching fence could constitute extreme and outrageous conduct, and aside from Reardon's emotional state not rising to the level necessary for a recovery of damages under *Roberts*, liability was dependent upon the fence having been illegally constructed on Reardon's property, which the Saavedras claimed it was not. Thus, failure of the trespass claim would necessarily undermine a claim of outrage.

3

Reardon filed as one document his Opposition To Defendants' Motion For Summary Judgment, Answers To Defendants' Request for Production Of Documents, and Answers To Defendants' Request For Admissions. Reardon wholly disregarded Supreme Court Rule 141(b) (2022 Kan. S. Ct. R. at 223) in his response to the Saavedras' summary judgment motion. Our Supreme Court has characterized Rule 141 as "not just fluff— it means what it says and serves a necessary purpose." *McCullough v. Bethany Med. Center*, 235 Kan. 732, 736, 683 P.2d 1258 (1984).

Reardon began his response by mischaracterizing the holding in *Mangiaracina v. Gutierrez*, 11 Kan. App. 2d 594, 730 P.2d 1109 (1986), by stating that a "*pro se* litigant must not be disadvantaged because of proceeding *pro se*." In fact, the *Mangiaracina* court stated: "A pro se litigant in a civil case is required to follow the same rules of procedure and evidence which are binding upon a litigant who is represented by counsel"; and "A pro se litigant in a civil case cannot be given either an advantage or a disadvantage solely because of proceeding pro se." 11 Kan. App. 2d 594, Syl. ¶¶ 1-2.

There followed several paragraphs of argument interlaced with claimed statements of fact for which there is no citation to the record. Reardon then stated the facts asserted by the Saavedras, which he controverted. They are four in number. He controverted the Saavedras' assertions that (1) no fence originally existed between the two properties, (2) the Saavedras family regularly used their entire backyard, (3) the Saavedras made improvements to their land in which Reardon did not participate, and (4) Reardon did not use the Saavedras' backyard or front yard for 16 years. He controverted these factual assertions with editorial comments, questions, and statements for which he provided no citations to the record. Reardon claimed that the Saavedras failed to disprove that a concrete curb is the boundary between the two properties. Reardon did not controvert the content of the expert report of surveyor Wiswell.

On May 3, 2021, following oral argument, the court granted summary judgment on the Saavedras' motion. Reardon was present when the court announced its decision. The court directed defense counsel to prepare a journal entry pursuant to Supreme Court Rule 170 (2022 Kan. S. Ct. R. at 236) and submit it to Reardon for his approval. The next day, the Saavedras' counsel sent a copy of a proposed journal entry to Reardon by email. Reardon objected to the proposed journal entry.

On May 12, 2021, the Saavedras filed a motion to settle the journal entry, asserting that attempts to resolve the contents of the journal entry with Reardon were unsuccessful and asking the court to settle the journal entry and enter it as presented. The Saavedras stated that Reardon's "objections to the Court's ruling are primarily substantive because he does not agree with the Court's ruling and do not contend Defendants' Counsel failed to accurately report the Court's ruling." They attached a copy of a document Reardon authored which detailed his objections to the journal entry. The document contained reiterations of Reardon's previous arguments and a request for reconsideration of court's ruling.

The original hearing date on the motion to settle the journal entry was continued at Reardon's request. He contended that he needed more time to "complete a post construction inspection report, as provided by Kansas Law," which he asserted "was ordered and in process by professional engineers licensed In the State of Kansas."

On June 4, 2021, the district court held the hearing to settle the journal entry of judgment. After clarifying that Reardon was merely objecting to the ruling itself and not the terminology of the proposed journal entry, the court ordered the Saavedras' counsel to file the journal entry over Reardon's objections. The journal entry of judgment was filed a few days later. In it, the court granted judgment to the Saavedras on all of Reardon's claims. The court also explained that it would treat the document Reardon filed in the

days before the hearing as a motion for reconsideration and scheduled another hearing to consider it.

On August 6, 2021, Reardon filed a Post Construction Inspection Declaration in which he asserted that Brian Thompson, "a Kansas Licensed Civil Inspector . . . who has worked for the State of Kansas many times," conducted an inspection of the fence and concluded that the same was "erected some 19.5 inches onto the Reardon Property." Thompson was not a Kansas licensed surveyor. Reardon attached "the Field Notes of the Inspection with drawings and notes of the findings," along with "pictures that help to explain the situation and the area of the Fence Construction." The district court held a hearing that same day but continued the matter to allow Reardon to file a brief containing legal authority for setting aside the court's summary judgment in favor of the Saavedras.

On August 24, 2021, Reardon filed a Post Construction Inspection Report. That version included an inspection letter from Thompson dated August 23, 2021, in which he opined that "[t]he Fence is 19.5 inches on the Reardon property." This opinion, of course, could have been obtained and disclosed according to the court's original scheduling order and could have been asserted in opposition to the Saavedras' summary judgment motion. It was not. Moreover, Reardon provided no legal authority for setting aside the court's summary judgment in favor of the Saavedras.

On September 7, 2021, the district court held a hearing and denied Reardon's requests for reconsideration. In its journal entry, the court found that neither of Reardon's filings after the journal entry of summary judgment cited any law or authority to allow the court to reconsider its ruling. In addition, the court found that "Thompson is not a licensed surveyor or technical professional in the state of Kansas," and that he and his company acted unlawfully in providing surveying services to Reardon.

Reardon appeals. He claims the district court erred in granting summary judgment to the Saavedras and in denying his motion for reconsideration.

We review the Saavedras' summary judgment motion de novo. See *Siruta v. Siruta*, 301 Kan. 757, 766, 348 P.3d 549 (2015). In doing so we apply the following standard of review.

> "'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case.'" *Patterson v. Cowley County, Kansas*, 307 Kan. 16, 621, 413 P.3d 432 (2018).

## *Trespass*

In his petition Reardon sets forth a common set of facts to support his two claims: Count 1 for trespass and Count 2 for outrage. These are the only legal theories set forth in the pleadings in this case. Reardon's common facts set forth in his petition to support his two causes of action consist of the following:

> "5. Plaintiff and his predecessors in title have resided at the residence commonly known as 1431 S. 31st Street, Kansas City, Kansas for One Hundred Ten years next preceding the filing of this petition. The boundaries have remained unchanged for at least the twenty years next preceding the filing of this petition, particularly the south boundary, which has been marked by a fence and curb for as long as the Plaintiff can remember, and exceeding 15 years next preceding the filing of this petition.

"6. On or about March 1, 2018 Defendant Saavedra erected a fence three feet north of the established boundary, on the property owned by Plaintiff, and has ever since refused to remove it."

Kansas law defines trespass as a person's entry onto "the premises of another without any right, lawful authority, or express or implied invitation or license." *Armstrong v. Bromley Quarry & Asphalt, Inc.*, 305 Kan. 16, 22, 378 P.3d 1090 (2016). To show he was entitled to relief on this claim, Reardon had to show that (1) he owned the area where the Saavedras installed the fence; and (2) the Saavedras did so without his permission.

The Saavedras' argument for summary judgment on the trespass claim depended primarily on three material uncontroverted facts: (1) that Wiswell concluded from a survey of the property that the boundary between the Saavedra and Reardon properties was approximately the middle of a strip of garden space that straddled the boundary line; (2) that the Saavedras constructed the fence in their half of the garden space and inside their property line; and (3) that Reardon did not survey his property so as to controvert Wiswell's survey results that showed no infringement. Thus, Reardon failed to establish ownership or possession of the disputed portion of the property where the fence was constructed.

In response, Reardon only controverted the four statements of uncontroverted facts listed earlier, none of which related to the uncontroverted facts central to the Saavedras' argument supporting their summary judgment motion. Reardon left uncontroverted Wiswell's conclusion, based on his professional survey, that the Saavedras built the fence on their own property.

8

Supreme Court Rule 141(b) (2022 Kan. S. Ct. R. at 224) sets forth the protocol for responding to a motion for summary judgment.

> "(b) **Response to Motion for Summary Judgment; Requirements**. A memorandum or brief opposing a motion for summary judgment must:
>
> "(1) state—in separately numbered paragraphs that correspond to the numbered paragraphs of movant's memorandum or brief—whether each of movant's factual contentions is:
>
> (A) uncontroverted;
>
> (B) uncontroverted for purposes of the motion only; or
>
> (C) controverted, and if controverted:
>
> (i) concisely summarize the conflicting testimony or evidence and any additional genuine issues of material fact that preclude summary judgment; and
>
> (ii) provide precise references as required in subsection (a)(2); and
>
> "(2) be filed and served on all counsel of record and unrepresented parties not in default for failure to appear no later than 21 days after service of the motion, unless the time is extended by local rule or court order."

As we previously noted, Rule 141 is "not just fluff— it means what it says and serves a necessary purpose." *McCullough* 235 Kan. at 736. Rule 141(b) is not satisfied by merely stating that facts are controverted. *State ex rel. Stephan v. Commemorative Services Corp.*, 16 Kan. App. 2d 389, 401, 823 P.2d 831 (1991). This court has previously noted that "Rule 141 grants the district court the discretion to deem the party opposing summary judgment as having admitted the uncontroverted facts in the movant's statement, which 'will not be disturbed on appeal without a clear showing of abuse.'" *Jeannine Williams, LLC v. Ice Masters, Inc.*, No. 121,377, 2021 WL 2171161, at *6 (Kan. App. 2021) (unpublished opinion) (quoting *Ruebke v. Globe Communications Corp.*, 241 Kan. 595, 604, 738 P.2d 1246 [1987]). Thus, Reardon's failure to controvert the key factual statements made in the Saavedras' motion gave the district court discretion to consider those facts as uncontroverted for the purpose of the motion. We find no

support for Reardon's contention that the district court abused its discretion in sustaining the Saavedras' motion with respect to the claim of trespass.

## *Outrage*

Reardon made a claim in his petition that the Saavedras' actions in building their fence constituted the tort of outrage. In their summary judgment motion, the Saavedras pointed out that Reardon's claim of outrage was dependent upon his success in establishing that the Saavedras trespassed on Reardon's property in constructing the fence. Reardon's failure to establish a trespass necessarily undermined his claim of outrage.

In his brief opposing the Saavedras' summary judgment motion, Reardon made no argument opposing the Saavedras' claim that they were entitled to judgment as a matter of law on his claim of outrage. Moreover, Reardon chose not to address the issue on appeal. Having failed to address the issue on appeal, he has abandoned any claim that the district court erred in granting summary judgment on his claim of outrage. See *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018); *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017).

In our de novo review, we conclude that given Reardon's failure to controvert the assertion that the fence was built on the Saavedras' property, there was no genuine issue of material fact with respect to Reardon's claims and the Saavedras were entitled to judgment as a matter of law. The district court did not err in granting summary judgment in favor of the Saavedras on Reardon's claims.

*Motion to Reconsider*

Reardon also challenges the district court's ruling on his post-judgment motion, which for all intents and purposes can be characterized as a motion to reconsider. A motion to reconsider is treated as a motion to alter or amend a judgment brought under K.S.A. 2020 Supp. 60-259(f). See *Exploration Place, Inc. v. Midwest Drywall Co.*, 277 Kan. 898, 900, 89 P.3d 536 (2004). We apply the abuse of discretion standard in reviewing the district court's ruling on a motion to alter or amend a judgment. *Akesogenx Corp. v. Zavala*, 55 Kan. App. 2d 22, 31, 407 P.3d 246 (2017). A judicial action constitutes an abuse of discretion if it is arbitrary, fanciful, or unreasonable; or if it is based on an error of law or fact. *Biglow v. Eidenberg*, 308 Kan. 873, 893, 424 P.3d 515 (2018).

The purpose of a motion to alter or amend judgment—and, likewise, a motion to reconsider—is to allow the district court to correct previous errors by reconsidering evidence that had been presented prior to the court's entry of judgment. The motion is not for the purpose of presenting new evidence that could have been presented to the court prior to the court's ruling. Here, the district court was limited to considering matters and evidence that were before the court when it ruled on the Saavedras' summary judgment motion. See *Antrim, Piper, Wenger, Inc. v. Lowe*, 37 Kan. App. 2d 932, 939-40, 159 P.3d 215 (2007).

We are particularly mindful of this abuse of discretion standard when reviewing Reardon's claim that the district court erred in deciding the motion to reconsider, as opposed to the de novo standard of review we applied in considering the Saavedras' summary judgment motion.

Appellate briefs play a decidedly more important role in considering a claim that the district court abused its discretion. In considering the propriety of the district court's

11

summary judgment ruling, we looked to the Saavedras' underlying motion, Reardon's response, and the arguments and authorities presented in their supporting or opposing briefs. In reality, we could conduct a de novo review of such a summary judgment motion without any appellate briefs at all.

On the other hand, in considering whether the district court abused its discretion in ruling on a motion to reconsider, appellate briefs are essential. We look to the arguments and authorities presented by the parties in their appellate briefs and their citations to the record to determine whether the district court abused its discretion in its ruling.

The argument section of Reardon's appellate brief consists of one and a half pages in which Reardon lists the following three judicial actions which he considers to be abuses of discretion.

- "First, the District Court Judge Alvey was Arbitrary and Unreasonable after requesting, then refusing to examine factual evidence provided by plaintiff to the court."
- "Second, the District Court Judge committed error by not applying and or reviewing well established Law in the State of Kansas regarding the Construction of Fencing on common boundary lines."
- "Third, the District Court Judge committed reversible error when not reviewing factual evidence regarding the Construction of the Fence by Respondent Saavedra."

Following each of these claimed errors Reardon listed, without argument, references to various portions of the record. With respect to his first and third claims, he identified no supporting statutory or case authority. With respect to his second claim, he listed, without argument or explanation, various statutes as well as a case dealing with adverse possession: a claim never raised in the pleadings.

12

The transcript of the hearing on Reardon's motion to reconsider is found in Volume 4 of the record on appeal. In his appellate brief, Reardon cites to Volume 4—without any argument or explanation—as part of his second and third claims of error listed above. He fails to explain how the district court abused its discretion with respect to these claims of error. His appellate brief leaves us totally in the dark. The inadequacy of Reardon's brief regarding his motion to reconsider leads us to conclude that these claims of error—whatever they may be—have been abandoned. *Russell*, 306 Kan. at 1089.

Reardon fails to show that the district court abused its discretion in denying relief on Reardon's motion to reconsider.

*Attorney Fees*

After Reardon docketed this appeal, the Saavedras moved this court to assess Reardon their attorney fees incurred in this appeal. The Saavedras seek an award of $12,265 for attorney fees, citing Supreme Court Rule 7.07(b) and (c) (2022 Kan. S. Ct. R. at 51), as authority for this request. The Saavedras' counsel attached an affidavit detailing the fees and costs incurred in defending against Reardon's appeal, along with an itemization of the services provided.

Reardon opposes the motion, arguing his appeal was not frivolous and that Kansas courts follow the American rule, under which parties are expected to pay their own attorney fees unless specifically authorized by statute or by agreement of the parties. See *Snider v. American Family Mut. Ins. Co.*, 297 Kan. 157, 162, 298 P.3d 1120 (2013); see also *Harder v. Foster*, 58 Kan. App. 2d 201, 206, 464 P.3d 382 (2020) (describing history and adoption of the American rule).

As one basis for their request, the Saavedras assert Rule 7.07(b) (2022 Kan. S. Ct. R. at 52), which states "[a]n appellate court may award attorney fees for services on appeal in a case in which the district court had authority to award attorney fees." But the Saavedras identify no statute under which the district court could have awarded attorney fees in this case.

The Saavedras also assert Rule 7.07(c) (2022 Kan. S. Ct. R. at 52) as a basis for their request, which states a party may recover appellate attorney fees "[i]f an appellate court finds that an appeal has been taken frivolously, or only for the purpose of harassment or delay." The Kansas Supreme Court has said an appeal must be devoid of merit to be deemed frivolous to assess the appellee's attorney fees against an appellant. See *Peoples National Bank of Liberal v. Molz*, 239 Kan. 255, 257, 718 P.2d 306 (1986) (defining "frivolous appeal" as one presenting no justifiable question and "readily recognized as devoid of merit in that there is little prospect that it can ever succeed").

We do not find Reardon's appeal of the district court's summary judgment order to be frivolous, though it clearly teeters on the brink. Besides, given our de novo review standard which limits our review to consideration of the summary judgment motion at issue together with the uncontroverted facts and the supporting and opposing briefs that were before the district court, almost the entirety of the Saavedras' substantive work supporting the district court's ruling had already been performed when this appeal was taken. This includes work on both claims—trespass and outrage.

The appeal of the district court's ruling on the motion to reconsider is another matter. We find that the motion was devoid of merit and was doomed to fail. Reardon predicated success on being able to bootleg into the record evidence that was not before the district court when it made its ruling. We noted earlier the purpose of a motion to reconsider. Reardon's tactic before the district court was completely at odds with this purpose. See *Antrim, Piper, Wenger, Inc*, 37 Kan. App. 2d at 939-40. Reardon's success

14

on the motion was dependent on the district court completely ignoring the standards for considering the motion. Reardon's success on appeal was dependent upon us doing likewise. Reardon's appeal of the district court's ruling on the motion to reconsider was frivolous.

The Saavedras claim total fees of $12,265 for this appeal. As we would expect, their counsel's fee statement does not break down the time spent by claim. Thus, it is impossible for us to separate the work caused solely by Reardon's appeal of the ruling on the motion to reconsider. But Reardon's attempt to bootleg into the record documents not previously before the court did cause additional research and briefing time for the Saavedras' counsel as evidenced by the end-product:  the Saavedras' brief on appeal.

Taking this all into account, we award attorney fees in favor of the Saavedras and against Reardon in the sum of $3,000.

Affirmed.